# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>COSMOPOLITAN TITLE, LTD, *et al.*,<br><br>Defendants. | 2:10-CV-01650-JCM-GWF<br><br>**ORDER** |

Presently before the court is plaintiffs Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, et. al.'s motion for summary judgment. (Doc. #17). Defendants Cosmopolitan Tile, LTD., et. al. failed to file an opposition. Plaintiffs then filed a notice of non-opposition. (Doc. #19).

Plaintiffs' complaint (doc. #1) stems from Cosmopolitan's alleged failure to make required fringe benefit contributions from January 1, 2008 to April 30, 2010. The complaint, filed on September 4, 2010, claims relief against Cosmopolitan for the unpaid fringe benefit contributions, breach of contract damages, liquidated damages, audit expenses, interest, and attorneys' fees and costs. (Doc. #1).

**Motion for Summary Judgment**

In their present motion for summary judgment, plaintiffs assert that Cosmopolitan failed to make the required fringe benefit contributions, as required by the terms of the labor agreement between the parties and 29 U.S.C. § 1132. (Doc. #17). Therefore, plaintiffs request summary judgment against Cosmopolitan and the following relief: (1) payment of the unpaid monthly contributions, (2) liquidated damages, (3) pre-judgment interest, (4) audit fees, and (5) attorneys'

fees and costs. (Doc. #17).

### A. Failure To File An Opposition

Pursuant to Local Rule 7-2(d), a non-moving party's failure to file points and authorities in response to a motion for summary judgment shall constitute a consent to the granting of the motion. However, as the Ninth Circuit stated in *Martinez v. Stanford*, 323 F.3d 1178 (9th Cir. 2003), a district court cannot grant a motion for summary judgment merely based on the fact that the opposing party failed to file an opposition. The court in *Martinez* held that the failure to oppose the motion does "not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Id.*

In the case before the court, summary judgment is appropriate not only because defendants failed to file an opposition in accordance with the local rules, but because the plaintiffs have demonstrated to the court that there are no genuine issues of material fact precluding summary judgment under Federal Rule of Civil Procedure 56.

### B. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 317, 324; Fed. R. Civ. P. 56(c).

**C.     Relief Sought**

Plaintiffs now seek summary judgment against Cosmopolitan for the unpaid monthly contributions, liquidated damages, pre-judgment interest, audit fees, and attorneys' fees and costs. (Doc. #17). They base their claims on both the collective bargaining agreement and 29 U.S.C. § 1132(g). (Doc. #17).

### 1.     Calculating the Relief

#### a.     Unpaid Contributions

The applicable collective bargaining agreement requires Cosmopolitan to make fringe benefit contributions for each hour of covered work performed by an employee. (Doc. #17). Although it was Cosmopolitan's duty to calculate and report the amount of fringe benefit contributions, Cosmopolitan failed to submit these reports in a timely manner. (Doc. #17). Therefore, plaintiffs commissioned a licensed and certified accounting firm to ascertain the amount of delinquent contributions. (Doc. #17). The audit revealed that Cosmopolitan had not made the required contributions from January 1, 2008 to April 30, 2010. (Doc. #17, Ex. 4). In their summary judgment motion, plaintiffs ask the court for $57,661.59 in unpaid contributions and dues check-offs for this time period. (Doc. #17).

Based on the record and on Cosmopolitan's failure to file an opposition to this motion for summary judgment, the court finds that there is no genuine dispute as to the amount of unpaid contributions and dues check-offs.

#### b.     Interest, Liquidated Damages and Audit Fees

For the purposes of the liquidated damages calculation, the total of all delinquencies for the January 1, 2008 to April 30, 2010 period is $56,313.54. The collective bargaining agreement and 29 U.S.C. § 1132(g) provide for liquidated damages of 20% of the delinquent contributions. Plaintiffs' summary judgment motion asks for $10,801.94 in liquidated damages.

Pursuant to 29 U.S.C. § 1132(g)(2)(B) and the terms of the master labor agreement, plaintiffs' summary judgment motion asks for 14% pre-judgment interest on the unpaid contributions. Thus, plaintiffs move the court for $19,275.76 in pre-judgment interest.

Plaintiffs assert that "Cosmopolitan has the responsibility to calculate and report the

1  amount of fringe benefit contributions due to the [p]laintiffs by completing the monthly report
2  forms and mailing them to the [p]laintiffs." (Doc. #17). When Cosmopolitan failed to submit the
3  reports in a timely manner, plaintiffs were forced to commission an audit of Cosmopolitan's
4  payroll and related records. (Doc. #17). Citing *Operating Engineers Pension Trust, et. al. v. A-C*
5  *Company*, 859 F.2d 1336, 1343 (9th Cir. 1988), plaintiffs now move the court to recover the costs
6  of this audit, $19,633.
7        Again, based on the record and on Cosmopolitan's failure to file an opposition to this
8  motion for summary judgment, the court finds that there is no genuine dispute as to the amount of
9  liquidated damages, pre-judgment interest, and audit fees.

          **c.**      **Attorneys' Fees and Costs**

11        Plaintiffs are entitled to receive reasonable attorneys' fees and costs under ERISA. 29
12  U.S.C. § 1132(g)(2)(D). Plaintiffs have provided the court with the total fees and costs incurred
13  beginning in September 2010, and continuing until May 2011, in the amount of $25,394.15. (Doc.
14  #17, Ex.7). This total amount includes $24,368 in fees and $1,026.15 in costs. (Doc. #17).
15  Pursuant to Local Rule 54-16, a party requesting attorneys' fees must file a motion demonstrating
16  the reasonableness of the award, an itemization and description of the work performed, an
17  itemization of all costs, and an attorney affidavit. Plaintiffs have complied with the requirements of
18  the local rules, warranting an award of attorneys' fees.
19        First, plaintiffs' attorneys contend that they have billed "customary fees" and that the time
20  spent on this case is "reasonable." (Doc. #17, Ex. 6). Further, this case has prevented lawyers and
21  staff at The Urban Law Firm from working on other matters. (Doc. #17, Ex. 6).
22        Second, plaintiffs provided the court with records that itemize and describe the work
23  performed by the attorneys. (Doc. #17, Ex. 7). Lastly, as required by the local rules, plaintiffs filed
24  the attorney affidavit of Anthony Stirling (doc. #17, ex. 6), which states that he reviewed the bills
25  in this case and that they are "true and correct."  Upon reviewing the fees sought and determining
26  their reasonableness, the court is inclined to grant attorneys' fees and costs.
27        Accordingly,
28  / / /

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, et. al.'s motion for summary judgment (doc. #17) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED default be entered against defendants Cosmopolitan Tile, LTD., et. al. in the amount of $132,766.34, representing delinquent contributions, liquidated damages, pre-judgment interest, audit fees, attorneys' fees, and costs.

DATED: August 26, 2011.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE